UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RA INVESTMENTS I, LLC, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:04-CV-1565-G |
| DEUTSCHE BANK AG, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Deutsche Bank AG, Deutsche Bank Securities Inc., d/b/a Deutsche Bank Alex.Brown, David Parse, Todd Clendening, and Craig Brubaker (collectively, the "Deutsche Bank defendants" or "Deutsche Bank") to stay this case pending an appeal of this court's memorandum order dated January 10, 2005 to the United States Court of Appeals for the Fifth Circuit. For the reasons discussed below, the Deutsche Bank defendants' motion for a stay is denied.

## I. BACKGROUND

This case arises out of tax and consulting services provided by several law firms, accounting firms, and financial services firms, through which the plaintiffs were

persuaded to engage in a tax strategy known as Currency Options Bring Reward Alternatives ("COBRA").  Plaintiffs' First Amended Complaint ("Complaint") ¶¶ 52-53.  According to the plaintiffs, the Deutsche Bank defendants not only designed and sold the COBRA strategy, but also directly marketed and promoted it to the plaintiffs.  *Id*. ¶ 52. The plaintiffs signed account agreements (the "DB Agreements"), binding on all the plaintiffs and the Deutsche Bank defendants, containing the following arbitration clause:

> I agree to arbitrate with you any controversies which may arise, whether or not based on events occurring prior to the date of this agreement, including any controversy arising out of or relating to any account with you, to the construction, performance or breach of any agreement with you, or to transactions with or through you, only before the New York Stock Exchange or the National Association of Securities Dealers Regulation, Inc., at my election. . . .
>
> * * *
>
> Neither you nor I waive any right to seek equitable relief pending arbitration.  No person shall bring a putative or certified class action to arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the punitive [sic] class action . . . .

Account Agreement between DB Alex. Brown and RD Toreador Investments LLC, executed by Richard Dusansky on December 12, 2000, *attached to* Affidavit of Michael L. Dinnin ("Dinnin Affidavit") at 8-11.[1]

On January 10, 2005, this court issued an order denying a motion to stay the instant case. *See generally* Memorandum Order (Jan. 10, 2005) (hereafter "Memorandum Order"). The Deutsche Bank defendants have appealed that ruling pursuant to § 16(a) of the Federal Arbitration Act ("FAA") and have moved for a stay of the proceedings in this court pending appeal. *See generally* Memorandum of Law in Support of Defendants Deutsche Bank AG, Deutsche Bank Securities Inc., d/b/a Deutsche Bank Alex.Brown, David Parse, Todd Clendening and Criag Brubaker's Motion for a Stay of Proceedings Pending Appeal ("Motion to Stay Pending Appeal").

## II.  ANALYSIS

The Deutsche Bank defendants argue that this action should be stayed pending appeal for two reasons: (1) the pendency of the appeal divests this court of jurisdiction, and (2) a discretionary stay is warranted under FED. R. CIV. P. 62(c) and FED. R. APP. P. 8(a). Motion to Stay Pending Appeal at 3. The court will address each of these arguments in turn.

---

[1] The same account agreement was also signed individually by each of the named plaintiffs in this case. *See generally* Account Agreements, *attached to* Dinnin Affidavit at 8-187.

### A. Does the Pendency of the Appeal Divest this Court of Jurisdiction?

The Deutsche Bank defendants assert that a stay is warranted because this court was divested of jurisdiction at the time the Deutsche Bank defendants filed their notice of appeal on January 17, 2005. *See* Motion to Stay Pending Appeal at 3. The Supreme Court has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 58 (1982) (citations omitted). Thus, the question in this case is whether continuing with the merits of the case implicates the same subject as that "involved in the appeal" of an order denying a stay. *Farmhand, Inc. v. Anel Engineering Industries, Inc.*, 693 F.2d 1140, 1145 (5th Cir. 1982) ("Generally, when an appeal is noticed the district court is divested of jurisdiction; the matter is immediately transferred to the appellate court. The rule, however, is not absolute. The district court maintains jurisdiction as to matters not involved in the appeal, such as the merits of an action when appeal from a preliminary injunction is taken . . . ."). The Fifth Circuit has not yet ruled on whether the pendency of an appeal under § 16(a) of the FAA divests the district court of jurisdiction. In fact, there is a split of authority among the circuits concerning the specific issue of a stay pending denial of a motion to compel arbitration.

The Deutsche Bank defendants argue that, following the general rule set forth in *Griggs*, a district court must stay all proceedings pending an interlocutory appeal concerning a district court's denial of a motion to compel arbitration. Motion to Stay Pending Appeal at 4-5. Specifically, the Deutsche Bank defendants rely on *Bradford-Scott Data Corporation v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir. 1997), to support this position. In *Bradford-Scott*, the court held that a case cannot proceed in a district court when an appeal regarding arbitration is pending. *Id*. at 506; see also *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) ("Upon motion, proceedings in the district court . . . should be stayed pending resolution of a non-frivolous appeal from the denial of a motion to compel arbitration."). According to the court, an appeal of a district court's order denying arbitration is an appeal regarding the question of whether any aspect of the litigation "may go forward in the district court." See *Bradford-Scott*, 128 F.3d at 506.

By contrast, in *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990), the Ninth Circuit held that "[s]ince the issue of arbitrability was the only substantive issue presented in [the] appeal, the district court was not divested of jurisdiction to proceed with the case on the merits." *Id*. at 1412 (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 21 (1983)). The court noted that "an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal."

*Id*. at 1412 (citation omitted).  "[W]here an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal."  *Britton*, 916 F.2d at 1411 (*quoting* 9 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 203.11, 3-54); see also *Motorola Credit Corporation v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004) ("[F]urther district court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration, and . . . a district court therefore has jurisdiction to proceed with a case absent a stay from this Court."), *petition for cert. filed*, 73 U.S.L.W. 3570 (Mar. 16, 2005) (No. 04-1255).

In the absence of controlling authority in this circuit, this court is persuaded by the reasoning of the Ninth Circuit and concludes that a complete stay of all proceedings should not be ordered here.  The Deutsche Bank defendants seek to compel arbitration under the FAA based on agreements they signed with the plaintiffs providing for arbitration.  Nevertheless, as this court has recognized once before, since the plaintiffs are members of the settlement class in *Denney*, the Deutsche Bank defendants cannot compel arbitration on the basis of the DB Agreement.  *See* Memorandum Order at 8.  It is clear that the parties contractually agreed that they could *only* compel arbitration under NASD Rules once the class had been certified. See *id*. at 6-8.  Consequently, the merits of this case have nothing to do with Deutsche Bank's appeal.  Since the issue of arbitrability is the only substantive issue

presented in the appeal,[2] this court is not divested of jurisdiction to proceed with the merits of the case.

Although this court will not issue a stay of all proceedings, it is mindful of the undesirable consequences of a ruling on the merits prior to a decision regarding arbitration by the higher court.  See *Bradford-Scott*, 128 F.3d at 506 ("The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally return to court to have the award enforced.").  Therefore, this court will not permit the proceedings to reach the stage of a trial.  The court will, however, permit other aspects of the case to move forward.

### B.  Is a Discretionary Appeal Warranted Under FED. R. CIV. P. 62(c) and FED. R. APP. P. 8(a)?

To determine whether a stay should be granted pending an appeal, a court must consider:  (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.  *In re First South Savings Association*, 820 F.2d 700, 704 (5th Cir. 1987).  The Fifth Circuit has cautioned that in the usual case "[l]ikelihood of success remains a

---

[2] Cf. *Moses H. Cone Memorial Hospital*, 460 U.S. at 21 (permitting concurrent litigation on issue of arbitrability and explaining that dispute over arbitrability is easily severable from the merits of the underlying disputes).

prerequisite . . .[and] [o]nly 'if . . . []consideration of the other three factors[] is . . . *heavily tilted* in the movant's factor' will we issue a stay in its absence, and even then, the issue must be one with patent substantial merit." *Id*. at 709 n.10 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565-66 (5th Cir. 1981)) (emphasis in original).

1.  *Likelihood of Success on Appeal*

The Deutsche Bank defendants must first demonstrate a likelihood of success on the merits. Further, the Deutsche Bank defendants must be prepared to argue the merits of the appeal in establishing a likelihood of success. See *id*. at 709-14. At this time, the Deutsche Bank defendants have filed a notice of appeal and have indicated that they are appealing as of right under 9 U.S.C. § 16. *See* Motion to Stay Pending Appeal at 3. Section 16(a) of the FAA provides that "an appeal may be taken from . . . an order . . . refusing a stay of any action under section 3 of the [FAA]." 9 U.S.C. § 16(a)(1)(A); *Adams v. Georgia Gulf Corporation*, 237 F.3d 538, 540 (5th Cir. 2001) ("Through Section 16, Congress intended to promote arbitration by 'permitting interlocutory appeals of orders favoring litigation over arbitration and precluding review of interlocutory orders that favor arbitration.'") (citing *Forsythe International, S.A. v. Gibbs Oil Company*, 915 F.2d 1017, 1020 (5th Cir. 1990)). Given the language of § 16(a), the appellate court will have jurisdiction to review the district court's order if § 3 applies to the Deutsche Bank defendants' motion for a stay.[3]

---

[3]   Section 3 provides:

(continued...)

The plaintiffs concede that the FAA favors arbitration and that, pursuant to the FAA, a court must compel arbitration if it is satisfied that the claim at issue is within the scope of a valid, enforceable agreement to arbitrate. Plaintiffs' Response to the Deutsche Defendants' Motion for a Stay of Proceedings Pending Appeal ("Response to Motion to Stay") at 7; see also *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25; 9 U.S.C. § 3. Furthermore, in deciding whether to compel arbitration of a claim, the court must first consider whether the parties have executed a valid arbitration agreement and whether the claim is within the scope of the agreement. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (citing *Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). Although arbitration is favored as a general matter, the scope of arbitration is determined by the general rules governing contracts and, as a result, a party cannot be required to

---

³(...continued)
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall *on application of one of the parties* stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

submit to arbitration any dispute that the party has not agreed to submit. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *Steelworkers v. Warrior & Gulf Navigation Company*, 363 U.S. 574, 582 (1960)).

In this case, the Deutsche Bank defendants did not move for a stay based upon the DB Agreement with the plaintiffs because, as the Deutsche Bank defendants have already conceded, both the DB Agreement and the NASD rules governing the DB Agreement prohibit enforcing arbitration when the plaintiffs are members of a putative class. *See* Deutsche Bank Defendants' Memorandum of Law in Support of Their Motion to Stay Proceedings (October 8, 2004) ("Motion to Stay") at 17 ("In light of the Class Action Provision and Plaintiffs' contention that they are members of a putative class in *Denney*, Deutsche Bank does not seek to enforce the arbitration agreement *at this time*.") (emphasis in original); Memorandum Order at 6-8. Rather, the Deutsche Bank defendants brought their original motion to stay the proceedings based on the resolution of the class issues in *Denney*. *See* Motion to Stay at 2 ("Accordingly, this Court should stay the proceedings against Deutsche Bank pending resolution of the class issues in *Denney*."). As discussed above, § 3 applies only if the Deutsche Bank defendants were denied a stay based upon an arbitration agreement. *See* 9 U.S.C. § 3. The Deutsche Bank defendants' motion to stay was not based on any right to arbitrate under the DB Agreements, but was instead a request for this court to invoke its equitable powers under *Landis v. North American Co.*, 299 U.S. 248,

254 (1936). *See* Memorandum Order at 5-6.[4]  Therefore, it does not appear that the order denying the Deutsche Bank defendants' request for a stay is appealable under § 16 of the FAA.[5]  As a result, the court concludes that the Deutsche Bank defendants have not demonstrated a strong likelihood of success on the merits.

---

[4] Other courts that have considered this exact issue and found that Deutsche Bank failed to demonstrate a justification for a stay pending the outcome of issues in the *Denney* case.  See, *e.g.*, *Blythe v. Deutsche Bank AG*, No. 04-Civ.-5867 (SAS), 2005 WL 53281, at *7 (S.D. N.Y. Jan. 7, 2005); *Tice, et al. v. BDO Seidman, LLP, et al.*, No. SA-CV04-0599-AHS (C.D. Cal. Dec. 31, 2004), *attached to* Plaintiffs' Response as Exhibit B; *Barron, et al. v. Deutsche Bank AG, et al.*, No. SA-CV04-0401-AHS (C.D. Cal. Dec. 31, 2004), *attached to* Plaintiffs' Response as Exhibit C. Furthermore, the Ninth Circuit has denied two emergency motions to stay the proceedings pending appeal in the *Tice* and *Barron* cases.  See *Tice, et al. v. BDO Seidman, LLP, et al.*, No. 05-55089 (9th Cir. Feb. 4, 2005), *attached to* Plaintiffs' Response as Exhibit D;  *Barron, et al. v. Deutsche Bank AG, et al.*, No. 05-5584 (9th Cir. Feb. 4, 2005), *attached to* Plaintiffs' Response as Exhibit E.

[5] Moreover, in applying the first prong of the test to the present case, "it is unlikely that a district court would ever be able to find that defendants will be likely to succeed on the merits of their appeal." *C.B.S. Employees Federal Credit Union v. Donaldson, Lufkin, & Jenrette Securities Corporation*, 716 F. Supp. 307, 309 (W.D. Tenn. 1989).  In order to make such a finding, this court would be admitting that it erred in denying defendant's original motion to stay the proceedings, and that the court appeals is likely to reverse its decision. *Id*.  Deutsche Bank has not persuaded the court that denying a stay was error.

2. *Irreparable Injury to the Deutsche Bank Defendants*

The Deutsche Bank defendants must also establish that irreparable injury will result unless a stay is granted.  See *In re First South Savings*, 820 F.2d at 704.  In its first motion to stay, the Deutsche Bank defendants failed to demonstrate any hardship to this court.  *See* Memorandum Order at 9.  Undeterred, the Deutsche Bank defendants now attempt to argue that in the absence of a stay pending appeal, they will suffer irreparable harm, an even more stringent standard.  The Deutsche Bank defendants argue that if a stay is not granted, they will be forced to shoulder the burdens of litigation.  *See* Motion to Stay Pending Appeal at 6-9.  While the court is cognizant of the burdens such litigation can cause, the Deutsche Bank defendants have not shown that these burdens constitute irreparable injury.

Additionally, the Deutsche Bank defendants maintain that a stay is necessary to preserve their rights under the law because a failure to issue a stay will force them into prolonged litigation.  *Id*. at 7-9.  However, because of the court's previous determination that the Deutsche Bank defendants have no basis for compelling arbitration at this time, the Deutsche Bank defendants have no cognizable right to avoid litigation in this court.

3. *Substantial Injury to the Plaintiffs*

Based on the facts of this case, the court finds that the plaintiffs will suffer a substantial injury if a stay is issued.  The plaintiffs are currently facing the possibility

of paying the IRS millions of dollars in back-taxes, penalties, and interested in the upcoming months. As a result, a stay of these proceedings would prevent the plaintiffs from receiving compensation from the individuals and entities responsible for their damages. Not only could this potentially result in economic hardship to the plaintiffs, but imposing a stay will force the plaintiffs to wait even longer for their rights and injuries to be addressed. Although the Deutsche Bank defendants assert the plaintiffs will not suffer substantial injury since the proceedings are at an early stage, *see* Motion to Stay Pending Appeal at 9, this argument further fails as an attempt to show the absence of harm to the opposing party because it ignores the plaintiffs' entitlement to litigate and resolve their claims without further delay. See *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."), *cert. denied*, 444 U.S. 827 (1979).

### 4. *Public Interest*

The Deutsche Bank defendants contend that burdening them with unnecessary litigation while their appeal is pending directly undermines § 16's pro-arbitration purpose. Motion to Stay Pending Appeal at 12. It is well established that the public interest supports a stay pending appeal. See *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25. Section 16 of the FAA allows interlocutory appeals from orders

favoring litigation over arbitration because of the strong federal preference of disputes.  *See* 9 U.S.C. § 16.  The purpose of the statute was "to streamline the appellate aspect of the litigation process so that parties may realize their arbitration rights at the earliest possible moment."  *Cotton v. Slone*, 4 F.3d 176, 180 (2d Cir. 1993).

While it is true that the FAA favors arbitration, arbitration is still a matter of contract between two parties.  This court, as well as courts in other jurisdictions, has already determined that the DB Agreement as drafted gives the Deutsche Bank defendants no arbitration rights at the present time.  *See* Memorandum Order at 6-8.  As a result, because the Deutsche Bank defendants moved for a stay based on proceedings in the *Denney* case and not on an arbitration agreement, the Deutsche Bank defendants' reliance on the policy underlying the FAA is entirely misplaced.  If this court were to grant a stay pending appeal, the Deutsche Bank defendants would have effectively managed to obtain -- contrary to *Landis*, 299 U.S. at 255 -- a stay "of indefinite duration."  Such a result hardly favors the prompt resolution of disputes.

In sum, the Deutsche Bank defendants have made no showing that a stay is in the public interest.  "Public policy dictates the timely conclusion of legal disputes." *Evans v. Board of County Commissioners of County of Boulder, Colorado*, 772 F. Supp. 1178, 1181 (D. Colo. 1991).  Proceeding promptly with litigation of the plaintiffs' claims is in accord with such policy.

III.  CONCLUSION

For the reasons stated above, the Deutsche Bank defendants' motion for a stay pending appeal is **DENIED**.

**SO ORDERED**.

May 20, 2005.

_____<br>
A. JOE FISH<br>
CHIEF JUDGE